U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg (Charlottesville) Division

IN RE: Michael John Silliman,
Jessica Leigh Nemeth-Silliman,
Debtors

Chapter 7
Case No. 13-61699

MICHAEL JOHN SILLIMAN
JESSICA LEIGH NEMETH-SILLIMAN,

Plaintiffs,

Adversary Proc. No.______

v.

ATLANTIC RECOVERY SOLUTIONS, LLC
P.O. Box156
East Amherst, NY 14051

275 Northpointe, Suite 80
Amherst, NY, 14226

and

VIVINT, INC.
Dba APX Alarm Systems
c/o CT Corporation System, R/A
4701 Cox Road, Suite 285
Glen Allen, VA 23060

Defendants.

**COMPLAINT SEEKING DAMAGES IN CORE ADVERSARY PROCEEDING**

Introduction

1. This action seeks redress for the unlawful and deceptive practices committed by the Defendants in connection with their efforts to collect a debt discharged by the debtors' bankruptcy. Defendants' conduct involves falsely representing that a discharged debt is still owed, the sole purpose of which is to coerce the payment of a discharged debt. Plaintiffs seeks monetary, declaratory and injunctive relief based on violations of 11 U.S.C. § 524.

2. This action is also filed to enforce the Order of Discharge duly entered in this case, and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto, and

to prevent an abuse of process and to preclude the frustration of the orderly discharge of the claims in this case.

Jurisdiction

3. Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 7 case under Title 11.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiffs consents to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

Parties

9. Plaintiffs are citizens and residents of Charlottesville, Virginia.

10. Defendant Atlantic Recovery Solutions, LLC is upon information and belief a New York limited liability company that maintains its principal place of business at 275 Northpointe, Suite 80, Amherst, New York, 14226.

11. Upon information and belief Defendant Atlantic Recovery Solutions, LLC has no registered agent in either New York or Virginia. See attached print-out from the State of New York Division of Corporations website.

12. Defendant Vivint, Inc. is upon information and belief a Utah corporation that maintains its principal place of business at 4931 N 300 West, Provo, UT  84604.

Facts

                13. On August 22, 2013, the Plaintiffs sought protection from their creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia.

14. The 341(a) meeting of creditors was held in Charlottesville, Virginia on September 23, 2013.

15. In the schedules filed with the petition in this case and on the master mailing matrix filed with the Clerk of this Court, an unsecured debt was listed in favor of Vivint, Inc. dba APX Alarm Systems in the amount of $ 2,241.00 for alarm system services.

16. On November 25, 2013, the Plaintiffs were granted a discharge of all dischargeable debts pursuant to 11 U.S.C. § 524. The Plaintiffs allege that this discharge included the debt to Vivint.

17. On or about March 26, 2014, an agent of Defendant Atlantic Recovery Solutions, LLC contacted Plaintiffs by telephone and threatened legal action against Plaintiffs to collect the alleged debt.

18. On March 26, 2014, Plaintiffs received an email from an agent of Defendant Atlantic Recovery Solutions, LLC attaching a contract and asking them to contact her.

19. On March 26, 2014, Plaintiffs responded to the email, stating that some of the information on the contract was incorrect, and demanding that Defendant Atlantic Recovery Solutions, LLC not contact them.

20. On March 27, 2014, Defendant Atlantic Recovery Solutions, LLC's agent replied to Plaintiff's email, stating "we will also inform our client [Vivint] that you are refusing to honor your contract and recommend that they take further action on the account." A copy of the email string and attached contract are attached hereto and incorporated herein by reference.

21. The actions of the Defendants as alleged herein constitute willful, intentional, gross and flagrant violations of the provisions of Section 524 of Title 11 of the United States Code.

22. The actions of the Defendants as alleged herein are acts in violation and contempt of the Order of Discharge entered by this Court.

23. Defendants have failed to implement any effective policy to assure that its collection personnel comply with either the automatic stay or the discharge injunction.

24. Defendants have failed to implement any effective procedures to eliminate the improper contacts with consumer debtors who are involved or have been involved in bankruptcy proceedings.

25. Defendants have failed to implement any effective procedures to insure that no effort will be made to contact consumer debtors who are represented by attorneys.

26. Defendants have failed to implement any system to properly identify bankruptcy accounts.

27. The Plaintiffs has been severely agitated, annoyed, traumatized, emotionally damaged and have otherwise been unduly inconvenienced by the actions of the Defendants.

WILLFUL VIOLATION OF DISCHARGE INJUNCTION

28. The allegations of paragraphs 1-28 above are realleged and incorporated herein by reference.

29. The actions of Defendants in this case, in seeking to collect payment on a discharged debt by falsely and deceptively attempting to coerce the debtors are in violation of the discharge injunction entered in Plaintiffs' bankruptcy case pursuant to 11 U.S.C. § 524, and constitute contempt of bankruptcy court orders.

30. The Plaintiffs alleges that the actions of the Defendants in seeking to collect on a debt after the debtors' lawful discharge constitute a gross violation of the discharge injunction as set forth in 11 U.S.C. Section 524.

31. The conduct of the Defendants in this case has substantially frustrated the discharge order entered by this Court and has caused the debtor unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code, by Contract, and by prior actions of the Defendants.

32. In order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendants pursuant to the provisions of Section 105 of the Code.

33. In order to protect debtors who have secured a full discharge this Court must impose sanctions against the Defendants for their misconduct in this case.

34. As a result of the Defendants' violation of 11 U.S.C. Section 524, the Defendants are liable to the Plaintiffs for actual damages, punitive damages and legal fees under Section 105 of Title 11 of the United States Code.

WHEREFORE, the Plaintiffs having set forth his claims for relief against the Defendants respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of actual damages;

    B. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiffs have and recover against the Defendants a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiffs have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

E. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: 5/15/14, 2014.

/s/ Marshall M. Slayton
MARSHALL M. SLAYTON, VSB # 37362
BOYLE, BAIN, REBACK & SLAYTON
420 Park Street
Charlottesville, VA 22902
(4304) 979-7900
Counsel for Debtors/Plaintiffs

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through April 4, 2014.

---

Selected Entity Name: ATLANTIC RECOVERY SOLUTIONS, LLC
Selected Entity Status Information

| | |
|---|---|
| **Current Entity Name:** | ATLANTIC RECOVERY SOLUTIONS, LLC |
| **DOS ID #:** | 4335819 |
| **Initial DOS Filing Date:** | DECEMBER 20, 2012 |
| **County:** | ERIE |
| **Jurisdiction:** | NEW YORK |
| **Entity Type:** | DOMESTIC LIMITED LIABILITY COMPANY |
| **Current Entity Status:** | ACTIVE |

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

ATLANTIC RECOVERY SOLUTIONS, LLC
275 NORTHPOINTE, SUITE 80
AMHERST, NEW YORK, 14226

**Registered Agent**

NONE

This office does not require or maintain information regarding the names and addresses of members or managers of nonprofessional limited liability companies. Professional limited liability companies must include the name(s) and address(es) of the original members, however this information is not recorded and only available by viewing the certificate.

***Stock Information**

**Marshall Slayton**

**From:** Jessica Silliman <chessie9037@hotmail.com>
**Sent:** Friday, March 28, 2014 7:58 PM
**To:** Marshall Slayton
**Subject:** Fwd: APX contract

Her response to me after telling her to stop calling. As you can see, she threatened further action in the email just as I was threatened on the phone that case was going to be filed with Culpeper County Court.

Jessica Silliman

Sent from my iPad

Begin forwarded message:

**From:** "Rose Baughman" <rbaughman@atlanticrecoverysolutions.com>
**Date:** March 27, 2014 at 3:52:44 PM EDT
**To:** "'Jessica Silliman'" <chessie9037@hotmail.com>
**Subject: RE: APX contract**

Ms Silliman,

I wanted to let you know this is your account the email address provided on the contract and the one you provided match. My company will not contact you again. We will attempt to contact the co signer on the contract. We will also inform our client that you are refusing to honor your contract and recommend that they take further action on the account.

Thank you,

Rosanne Baughman

---

**From:** Jessica Silliman [mailto:chessie9037@hotmail.com]
**Sent:** Wednesday, March 26, 2014 5:30 PM
**To:** Rose Baughman
**Subject:** RE: APX contract

The address and social security number are not correct. Do not call me again or I will be in touch with my lawyer.

---

From: rbaughman@atlanticrecoverysolutions.com
To: chessie9037@hotmail.com
Subject: APX contract
Date: Wed, 26 Mar 2014 13:43:32 -0400

See attached. Please call our office as soon as possible to discuss.

Thank you

Rosanne L Baughman
Atlantic Recovery Solutions LLC
CIO
716-829-1855 Phone
716-264-4020 Fax

[Page rotated 90°; illegible APX Alarm System Purchase and Services Agreement form — contents not reliably transcribable.]